IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

ARCELIA ROJO,

      Plaintiff,

v.

ASPEN SKIING COMPANY, LLC,

      Defendant.

---

## COMPLAINT AND JURY DEMAND

---

COMES NOW, Plaintiff Arcelia Rojo, through counsel, and hereby states her Complaint against the Defendant by stating and alleging the following:

### NATURE OF ACTION

1. This is an employment discrimination action pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12112 – 12117, and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 - 634.

### PARTIES

2. Plaintiff Arcelia Rojo (Ms. Rojo) is a citizen of the United States who resides in Carbondale, Colorado. At the time of filing of this suit, Ms. Rojo was 50 years old.

3. The Defendant Aspen Skiing Company is a Colorado limited liability company, which maintains its principal place of business in Aspen, Colorado. Defendant's registered agent

for service of process is David W. Clark of 117 ABC, Aspen, CO 81611 with a mailing address of PO Box 1248, Aspen, CO 81611.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331, 1343 as it is a civil rights action arising under the laws of the United States.

5. Venue in this district is proper under 28 U.S.C. 1391(b) because the parties reside in this judicial district and the events giving rise to this action occurred in this judicial district.

## ADMINISTRATIVE PROCEDURE—EXHUASTION OF REMEDIES

6. Ms. Rojo filed a timely disability and age discrimination charge with the Equal Employment Opportunity Commission on or about July 8, 2013. She was issued a "Notice of Right to Sue" letter on May 6, 2014, granting her the right to file suit.

7. This Complaint is filed within 90 days following Ms. Rojo's receipt of her right to sue letter. Ms. Rojo has satisfied all other administrative and procedural prerequisites to filing this Complaint.

## FACTS

8. Defendant is a "covered entity" within the meaning of 42 U.S.C. 12111 and an "employer" within the meaning of 29 U.S.C. 630.

9. Ms. Rojo was hired by Defendant in 1991 as a housekeeper at the Little Nell Hotel ("Little Nell").

10. Ms. Rojo then became a first-level housekeeping supervisor.

11. On January 13, 2011, Ms. Rojo injured her elbow in a fall while cleaning a shower at the Little Nell.

12. On July 7, 2012, Ms. Rojo reached maximum medical improvement, but she was left with chronic right "Tennis Elbow" (lateral epicondylitis) and chronic pain in her right trapezius muscle and right forearm.

13. Ms. Rojo received a workers compensation disability rating of 13 percent whole person impairment.

14. Notwithstanding the foregoing chronic injuries and impairment, Ms. Rojo was and is ready, willing, and qualified to perform her duties as a supervisory housekeeper or Sundeck restaurant employee.

15. After her injury, Defendant was kept currently informed of Ms. Rojo's medical condition and ostensibly directed Ms. Rojo to observe the related work restrictions related to lifting, carrying, and pulling actions.

16.  But, Defendant accommodated Ms. Rojo's doctor-recommended work restrictions in the breach.  Her supervisor, Gioanna Villabrille, badgered, intimidated, and made demands on Ms. Rojo in a manner that made it impossible for Ms. Rojo to observe her doctor-recommended work restrictions.

17. After Ms. Rojo reached maximum medical improvement, Defendant, through its supervisor, Gioanna Villebrille, and others, initiated a campaign of harassment designed to terminate Ms. Rojo's employment.

18. Supervisor Villebrille frequently berated Ms. Rojo for excusing other housekeepers from work periods to take their children to the hospital and making similar day-to-day supervisory decisions.

19. Supervisor Villebrille overloaded Ms. Rojo with work.

20. Supervisor Villebrille also made comments to Ms. Rojo to the effect that "she was too old"; "she could not do anything"; and "she would get no slack."

21. On or about August 6, 2012, Ms. Rojo complained to Efren in the Human Resources Department about the foregoing harassment.

22. Supervisor Villebrille instigated a pretextual write-up dated August 17, 2012, in retaliation for Ms. Rojo's complaint of harassment made to the Human Resources Department.

23. Around October 2012, Supervisor Villebrille insisted that Ms. Rojo take vacation time and then left Ms. Rojo off the work schedule when she completed her vacation.

24. On November 13, 2012, Defendant abruptly assigned Ms. Rojo to work at the Sundeck restaurant without consulting her, even though she had 21 continuous years of service as a housekeeper.

25. On March 1, 2013, Defendant fired Ms. Rojo, stating in a separation report, "Employee had been placed on MMI for a 01-13-11 work related injury. She is not able to return to her usual and customary job due to her inability to follow her restrictions."

26. Defendant replaced Ms. Rojo in the housekeeping department with a younger employee.

27. Ms. Rojo's disabilities were a substantial factor in Defendant's decision to harass and fire her.

28. But for Ms. Rojo's age, Defendant would not have engaged in harassment against Ms. Rojo and fired her.

29. The actions of Plaintiff's supervisor and others to bring about the termination of Plaintiff's employment were done in the line and scope of their employment with the Defendant and are thus the actions of the Defendant.

## COUNT ONE—VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

30. Paragraphs 1 to 29 are incorporated herein.

31. Plaintiff's chronic right Tennis Elbow and chronic pain in her right trapezius muscle and right forearm are physical impairments under the ADA.

32. Plaintiff is substantially limited with respect to the major life activities of lifting, carrying, and pulling objects, tools, equipment and the like.

33. Following her 2011 injury, Ms. Rojo (a) had a physical impairment that substantially limited one or more major life activities; (b) had a record of such impairment; and (c) was regarded by Defendant as having such impairment.

34. Plaintiff was a qualified individual able to perform the essential functions of a supervisory housekeeper, her position at the Sundeck restaurant, and other available positions for which she was qualified.

35. Defendant violated Plaintiff's rights under the ADA by failing to accommodate her disability (and disability of which Defendant had a record and Defendant regarded Plaintiff as having) by (1) refusing to observe doctor-recommended work restrictions; (2) intentionally firing her from a position for which Plaintiff was qualified and could perform the essential functions of; and, alternatively, by (3) refusing to place her in an available position for which Plaintiff was qualified and could perform the essential functions of.

36. As a direct result of Defendant's discriminatory conduct, Plaintiff has lost wages and other benefits and has been unable to find a comparable job; her future earning capacity has been substantially impaired; she has suffered emotional distress, humiliation, embarrassment,

depression, and loss of enjoyment of life; and she has suffered other non-pecuniary losses all of which will be proven at the trial of this action.

### COUNT TWO—VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

37. Paragraphs 1 to 36 are incorporated herein.

38. Plaintiff is a member of protected class, being age 49, at the time she was fired.

39. Plaintiff was qualified for the positions in which she worked and was performing satisfactory work.

40. Defendant violated the Age Discrimination in Employment Act by firing Plaintiff because of her age.

41. Defendant replaced Plaintiff with a worker under age 40.

42. As a direct result of age discrimination, Plaintiff has lost wages and other benefits and has been unable to find a comparable job; her future earning capacity has been substantially impaired; she has suffered emotional distress, humiliation, embarrassment, depression, and loss of enjoyment of life; and she has suffered other non-pecuniary losses all of which will be proven at the trial of this action.

### COUNT THREE—HOSTILE WORK ENVIRONMENT

43. Paragraphs 1 to 42 are incorporated herein.

44. The harassment described in paragraphs 15 to 25 was severe or pervasive.

45. The harassment described in paragraphs 15 to 25 was unwelcome.

46. The harassment described in paragraphs 15 to 25 was based on Ms. Rojo's disability or age or both.

47. The harassment described in paragraphs 15 to 25 altered the terms or conditions of Ms. Rojo's employment.
48. Supervisor Villebrille had the authority to fire Ms. Rojo or recommend her firing.
49. After Ms. Rojo reasonably tried to inform the Defendant to correct the harassment, the Defendant failed to take reasonable care to prevent and correct the harassing behavior.
50. Defendant is vicariously liable under the ADA or ADEA or both for the hostile work environment alleged herein because the hostile work environment was created by a supervisor and because Defendant failed to take reasonable care to prevent and correct the harassing behavior after being informed of the same.
51. As a direct result of the alleged disability and age-based harassment, Plaintiff has suffered emotional distress, humiliation, embarrassment, depression, and loss of enjoyment of life; and she has suffered other non-pecuniary losses all of which will be proven at the trial of this action.

### RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and grant her the maximum relief allowed by law, including, but not limited to: (a) back pay (b) liquidated damages on her ADA claim; (c) reinstatement or front pay on her ADEA claim; (d) compensatory damages on her ADEA claim; (e) attorney's fees; (f) costs; (g) pre-and post-judgment interest, and such other relief that is just and equitable under the circumstances.

Plaintiff demands a trial by jury on all issues.

                                               s/ Theodore G. Hess
                                               Theodore G. Hess, 31594
                                               Hess & Schubert, LLP
                                               110 8th Street
                                               Glenwood Springs, CO 81601
                                               Telephone: (970) 945-5300
                                               Facsimile: (970) 945-2898
                                               E-mail: ted@tedhess.com
                                               *Attorney for Plaintiff Arcelia Rojo*